

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2008

# Shawn Davis v. Troy Levi

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1697

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Shawn Davis v. Troy Levi" (2008). *2008 Decisions.* Paper 788.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/788

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-140                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1697
_____

SHAWN DAVIS,
                                            Appellant

v.

TROY LEVI, WARDEN, CUSTODIAN-FDC-PHILA.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 08-cv-0798
(Honorable R. Barclay Surrick)
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2008

Before:  SCIRICA, Chief Judge, ALDISERT and GARTH Circuit Judges.

(Filed: July 25, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Shawn Davis, who is currently confined at the Federal Detention Center in

Philadelphia, appeals the denial of his petition for a writ of habeas corpus submitted

under 28 U.S.C. § 2241.  Because the appeal does not present a substantial question, we

will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

In 2007, following a jury trial in the United States District Court for the Eastern District of Pennsylvania, Davis was found guilty of possession with the intent to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking crime. On February 19, 2008, while awaiting sentencing, he filed a habeas petition pursuant to 28 U.S.C. § 2241, in which he claimed that authorities lacked probable cause to arrest and search him on March 28, 2006. On February 28, 2008, the District Court issued an order denying the petition, concluding that Davis' claims were not cognizable under § 2241. Davis now appeals that decision. We have jurisdiction over the appeal under 28 U.S.C. §§ 1291 and 2253(a), and we exercise plenary review over the District Court's denial of the petition. See Okereke v. United States, 307 F.3d 117, 119 (3d Cir. 2002).

Generally, a challenge to a federal conviction must be brought in a motion to vacate under 28 U.S.C. § 2255. See Okereke, 307 F.3d at 120. A prisoner may proceed under § 2241 only where the remedy provided under § 2255 is inadequate or ineffective to test the legality of his confinement. See § 2255(e); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). "A § 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would

prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Okereke, 307 F.3d at 120.

Because Davis is unable to show that a § 2255 motion is an inadequate or ineffective vehicle for the constitutional claims raised in his petition, we conclude that the District Court correctly determined that it lacked authority to entertain those claims in the context of a § 2241 proceeding. Even if it were appropriate to construe Davis' petition as a motion under § 2255, the motion would be subject to dismissal as premature because it was filed prior to sentencing and direct appeal. See Kapral v. United States, 166 F.3d 565, 570-72 (3d Cir. 1999).

For the foregoing reasons, we conclude that the appeal does not present a substantial question. We will therefore summarily affirm the judgment of the District Court pursuant to 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.